{¶ 31} I concur in judgment only with the majority view to vacate the sentence imposed; however, I respectfully disagree with the analysis that Ohio Crim.R. 43 requires, in all instances, a defendant to be "physically" present for sentencing. In 1973, when Crim.R. 43 was implemented, no one contemplated the use of video conferencing, and this case highlights how technology often transcends existing Ohio law. Today video conferencing is a practical reality, and it has been effectively used in many situations, such as arraignments. Crim.R. 1(B) states that "[t]hese rules are intended to provide for the just determination of every criminal proceeding. They shall beconstrued and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and theelimination of unjustifiable expense and delay." (Emphasis added.) Since Crim.R. 43 does not expressly define the term "present," and Crim.R. 1 requires that the rules be construed in order to avoid unjustifiable expense, I would have afforded the defendant the option to be physically present in court or to proceed by video conference at his resentencing hearing. Because the defendant herein did not consent to the video conference and in fact objected to it, I would vacate the sentence.
 {¶ 32} I believe that technology should not be automatically precluded or ignored, and that the term "present" should not be so narrowly construed, especially in light of the large volume of resentencing hearings caused by Senate Bill 2. The term "present" should be reevaluated by the Supreme Court of Ohio through the Commission on Rules of Practice and Procedure.
 {¶ 33} Finally, I see no reason to address the issue regarding the claim that the court failed to make the proportionality findings required for the imposition of consecutive sentences imposed pursuant to R.C. 2929.14(E) because of the majority's decision to vacate the sentence on other grounds. If this issue needed to be addressed (and in light of the majority's decision in the third assignment of error, it did not), I would have upheld the trial court's ruling.